**Fill in this information to identify the case:**

Debtor name   **Peking Duck USA, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)   **23-05135**

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **May  3, 2023**         X **/s/ Yujia Hu**
                                          Signature of individual signing on behalf of debtor

                                        **Yujia Hu**
                                          Printed name

                                        **President**
                                          Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name    **Peking Duck USA, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)    **23-05135**

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
| --- | --- |

1.   ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

   **1a. Real property:**
   Copy line 88 from *Schedule A/B*....................................................................................   $                0.00

   **1b. Total personal property:**
   Copy line 91A from *Schedule A/B*.................................................................................   $        522,203.28

   **1c. Total of all property:**
   Copy line 92 from *Schedule A/B*...................................................................................   $        522,203.28

| Part 2: | Summary of Liabilities |
| --- | --- |

2.   ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...................   $                0.00

3.   ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*...........................................   $                0.00

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*..............................   +$        1,462,615.00

4.   Total liabilities ...........................................................................................
   Lines 2 + 3a + 3b                                                                                       $        1,462,615.00

**Fill in this information to identify the case:**

Debtor name  **Peking Duck USA, Inc.**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF ILLINOIS

Case number (if known)  **23-05135**

☐ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:**       **Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|
| 2. | **Cash on hand** | | **$750.00** |

| 3. | **Checking, savings, money market, or financial brokerage accounts** *(Identify all)* | | |
|---|---|---|---|
| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number |
| 3.1. | **Checking account at US Bank NA** | **Business Checking** | 6831 | $132,453.28 |

| 4. | **Other cash equivalents** *(Identify all)* | |
|---|---|---|

| 5. | **Total of Part 1.** | **$133,203.28** |
|---|---|---|
| | Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | |

**Part 2:**       **Deposits and Prepayments**

6. **Does the debtor have any deposits or prepayments?**

☐ No.  Go to Part 3.
■ Yes Fill in the information below.

| 7. | **Deposits, including security deposits and utility deposits** | |
|---|---|---|
| | Description, including name of holder of deposit | |
| 7.1. | **Security Deposit** | **Unknown** |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

| Debtor | **Peking Duck USA, Inc.** | Case number *(If known)* **23-05135** |
|---|---|---|
| | Name | |

9.  **Total of Part 2.**
    Add lines 7 through 8. Copy the total to line 81.

$0.00

**Part 3:**   **Accounts receivable**

10. **Does the debtor have any accounts receivable?**

    ■ No.  Go to Part 4.
    ☐ Yes Fill in the information below.

**Part 4:**   **Investments**

13. **Does the debtor own any investments?**

    ■ No.  Go to Part 5.
    ☐ Yes Fill in the information below.

**Part 5:**   **Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ☐ No.  Go to Part 6.
    ■ Yes Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. Raw materials **Est. inventory liquor and food products** | | **Unknown** | **Replacement** | **$80,000.00** |

20.  **Work in progress**

21.  **Finished goods, including goods held for resale**

22.  **Other inventory or supplies**

23.  **Total of Part 5.**
     Add lines 19 through 22.  Copy the total to line 84.

$80,000.00

24.  **Is any of the property listed in Part 5 perishable?**
     ■ No
     ☐ Yes

25.  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
     ■ No
     ☐ Yes. Book value _____ Valuation method _____ Current Value _____

26.  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
     ■ No
     ☐ Yes

**Part 6:**   **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ■ No.  Go to Part 7.
    ☐ Yes Fill in the information below.

**Part 7:**   **Office furniture, fixtures, and equipment; and collectibles**

| Debtor | **Peking Duck USA, Inc.** | Case number *(If known)* **23-05135** |
|---|---|---|
| | Name | |

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** **Furniture, fixtures and equipment** | **Unknown** | | **$300,000.00** |

40. **Office fixtures**

41. **Office equipment, including all computer equipment and communication systems equipment and software**

42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

| 43. **Total of Part 7.** Add lines 39 through 42. Copy the total to line 86. | | **$300,000.00** |
|---|---|---|

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
  ■ No
  ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
  ■ No
  ☐ Yes

**Part 8:    Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No.  Go to Part 9.
■ Yes Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1. **2014 Nissan NV Van** | **Unknown** | **Replacement** | **$8,000.00** |

48. **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

49. **Aircraft and accessories**

| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** **Office equipment** | **Unknown** | **Replacement** | **$1,000.00** |
|---|---|---|---|

| 51. **Total of Part 8.** Add lines 47 through 50. Copy the total to line 87. | | **$9,000.00** |
|---|---|---|

| Debtor | **Peking Duck USA, Inc.** | Case number *(If known)* **23-05135** |
|---|---|---|
| | Name | |

52.   **Is a depreciation schedule available for any of the property listed in Part 8?**
■ No
☐ Yes

53.   **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 9:   Real property**

54. **Does the debtor own or lease any real property?**

☐ No.  Go to Part 10.
■ Yes Fill in the information below.

55.   **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.   **Leasehold interest in 520 N. Michigan Avenue, Ste. 420, Chicago, Illinois 60611** | **Leasehold** | **Unknown** | | **Unknown** |

56.   **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

|  |
|---:|
| **$0.00** |

57.   **Is a depreciation schedule available for any of the property listed in Part 9?**
■ No
☐ Yes

58.   **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 10:   Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

**Part 11:   All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

■ No.  Go to Part 12.
☐ Yes Fill in the information below.

Debtor **Peking Duck USA, Inc.**                              Case number *(If known)* **23-05135**
_____
Name

---

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $133,203.28 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $80,000.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $300,000.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $9,000.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*......................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $522,203.28 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $522,203.28 |

**Fill in this information to identify the case:**

Debtor name     **Peking Duck USA, Inc.**

United States Bankruptcy Court for the:     NORTHERN DISTRICT OF ILLINOIS

Case number (if known)     **23-05135**

☐ Check if this is an
amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Fill in this information to identify the case:**

Debtor name   **Peking Duck USA, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)   **23-05135**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☑ No. Go to Part 2.

   ☐ Yes. Go to line 2.

### Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|

| 3.1 | Nonpriority creditor's name and mailing address<br>**Keeley Food Service**<br>**2500 S. Dearborn St.**<br>**Chicago, IL 60616**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number  **Peking** | As of the petition filing date, the claim is: *Check all that apply.*<br>☑ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Vendor - Trade Creditor**<br><br>Is the claim subject to offset? ☑ No  ☐ Yes | **$90,000.00** |
| 3.2 | Nonpriority creditor's name and mailing address<br>**RN 124/125 Company, LLC**<br>**c/o Tim McCaffrey - Eversheds Suthe**<br>**227 W. Monroe, Ste. 6000**<br>**Chicago, IL 60606**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number  **7163** | As of the petition filing date, the claim is: *Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>Basis for the claim:  **Breach of Lease/Eviction**<br><br>Is the claim subject to offset? ☑ No  ☐ Yes | **$1,372,615.00** |
| 3.3 | Nonpriority creditor's name and mailing address<br>**Schain Banks**<br>**70 W. Madison St., Ste. 5300**<br>**Chicago, IL 60602**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number  **7163** | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Notice Only**<br><br>Is the claim subject to offset? ☑ No  ☐ Yes | **$0.00** |

### Part 3:   List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

### Part 4:   Total Amounts of the Priority and Nonpriority Unsecured Claims

5. **Add the amounts of priority and nonpriority unsecured claims.**

Debtor    **Peking Duck USA, Inc.**
Name

Case number (*if known*)    **23-05135**

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ **0.00** |
| **5b. Total claims from Part 2** | 5b. + | $ **1,462,615.00** |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ **1,462,615.00** |

**Fill in this information to identify the case:**

Debtor name    **Peking Duck USA, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)   **23-05135**

☐ Check if this is an
amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases                12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property*
    (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1.  State what the contract or lease is for and the nature of the debtor's interest  <br><br>  State the term remaining  <br><br>  List the contract number of any government contract | **Commercial lease for premises located at 520 N. Michigan Avenue, Chicago, Illinois 60611**  <br>**5 years**  <br><br>_____  <br><br>  **RN 124/125 COMPANY, L.L.C**  <br>**c/o Macerich PO Box 2172**  <br>**401 Willshire Blvd., Ste. 700**  <br>**Santa Monica, CA 90407** |

**Fill in this information to identify the case:**

Debtor name **Peking Duck USA, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) **23-05135**

☐ Check if this is an amended filing

Official Form 206H
# Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | **Xiaojun Hu and Zhiping Huo** | **1211 S Paririe, #6101 Chicago, IL 60605 Guarantor on Lease** | **RN 124/125 Company, LLC** | ☐ D _____ ■ E/F __3.2__ ☐ G _____ |
| 2.2 | **Yujia Hu** | **75 Wall St., #32G New York, NY 10005 Guarntor on Lease** | **RN 124/125 Company, LLC** | ☐ D _____ ■ E/F __3.2__ ☐ G _____ |

**Fill in this information to identify the case:**

Debtor name    **Peking Duck USA, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)    **23-05135**

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy          04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

1. **Gross revenue from business**

   ☐ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|
   | **From the beginning of the fiscal year to filing date:**<br>From  **1/01/2023** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | **$1,017,230.00** |
   | **For prior year:**<br>From  **1/01/2022** to **12/31/2022** | ■ Operating a business<br>☐ Other _____ | **$4,300,000.00** |
   | **For year before that:**<br>From  **1/01/2021** to **12/31/2021** | ■ Operating a business<br>☐ Other _____ | **$3,385,451.00** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|
   | | |

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
   |---|---|---|---|

Debtor  **Peking Duck USA, Inc.**                                        Case number *(if known)*  **23-05135**

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.1.  **Xiao Zong Zi Corp.** | **2/16/23** | **$27,487.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>■ Services<br>☐ Other___ |
| 3.2.  **RN 124/125 COMPANY, L.L.C**<br>**c/o Macerich PO Box 2172**<br>**401 Willshire Blvd., Ste. 700**<br>**Santa Monica, CA 90407** | **2/13/23;**<br>**3/7/23; 4/7/23** | **$105,000.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other **Rent** |
| 3.3.  **Keeley Food Service**<br>**2500 S. Dearborn St.**<br>**Chicago, IL 60616** | **3/20/23;**<br>**4/3/23** | **$78,240.65** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.4.  **IRS**<br>**P.O. Box 802501**<br>**Cincinnati, OH 45280** | **2/7/23;**<br>**3/7/23; 4/3/23** | **$56,792.65** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other **Taxes** |
| 3.5.  **Illinois Department of Revenue**<br>**PO Box 19006**<br>**Springfield, IL 62794** | **1/24/23;**<br>**2/3/23;**<br>**3/21/23;**<br>**4/18/23** | **$85,533.53** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other **Taxes** |
| 3.6.  **Sysco Corporation** | **1/19/23 -**<br>**4/18/23** | **$18,000.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.7.  **Charles Austin Ltd.** | **2/13/23;**<br>**3/16/23;**<br>**4/7/23** | **$27,238.15** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.8.  **QA Prints** | **2/10/23** | **$17,900.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>☐ Other___ |

Debtor    **Peking Duck USA, Inc.**

Case number *(if known)*  **23-05135**

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.9.  **University of Chicago** | **3/7/23** | **$12,128.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other **Payment of tuition on behalf of Tony Hu as consideration pursuant to stock purchase agreement** |
| 3.10. **Z Wang & Assoc.** | **3/3/23** | **$9,710.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.11. **Cardmember Service**<br>**PO BOX 15153**<br>**Wilmington, DE 19886** | **1/23/23;**<br>**2/2023;**<br>**3/2023;**<br>**4/10/23** | **$43,347.21** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>■ Other **Credit Card** |
| 3.12. **Qun Xing Yu** | **4/3/23;**<br>**4/5/23;**<br>**4/13/23** | **$29,950.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>■ Other **Reimbursement for Supplies** |
| 3.13. **Li Ping Hui** | **4/4/23** | **$30,000.00** | ☐ Secured debt<br>■ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other__ |

4.  **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1.  **Qun Xing Yu**<br><br>**Employee** | **4/19/22-4/18/23** | **$151,703.40** | **Reimbursement** |
| 4.2.  **Zhiping Huo**<br><br>**Guarantor** | **9/8/22** | **$18,000.00** | **Rent for staff housing** |

Debtor   **Peking Duck USA, Inc.**                                    Case number *(if known)* **23-05135**

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.3.   **Tony Hu**<br><br>**Guarantor/Employee** | **8/24/22;<br>10/31/22;<br>11/15/22;<br>12/7/22;<br>12/30/22** | **$271,073.00** | **Payments as consideration pursuant to stock purchase agreement and tradename use agreement** |

5.  **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6.  **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:**   **Legal Actions or Assignments**

7.  **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1.   **RN 124/125 COMPANY, L.L.C., vs. PEKING DUCK USA, INC.**<br>**22M1717163** | **EVICTION** | **Circuit Court, Cook County, Illinois** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8.  **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:**   **Certain Gifts and Charitable Contributions**

9.  **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:**   **Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

Debtor    **Peking Duck USA, Inc.**                                    Case number *(if known)*    **23-05135**

| Description of the property lost and how the loss occurred | Amount of payments received for the loss  If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.  List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|
| | | | |

---

**Part 6:**   **Certain Payments or Transfers**

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?  Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Law Offices of Konstantine Sparagis PC**  **900 W. Jackson Blvd., Ste. 4E**  **Chicago, IL 60607** | $18,262.00      **Attorney Fees**  $1,738.00        **Filing Fees** | **April 19, 2023** | **$20,000.00** |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

---

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | |

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer?  Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

---

**Part 7:**   **Previous Locations**

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy  From-To |
|---|---|
| | |

---

**Part 8:**   **Health Care Bankruptcies**

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:

Debtor    **Peking Duck USA, Inc.**                                                    Case number *(if known)*  **23-05135**

---

- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
|  |  |  |

---

**Part 9:    Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

    ■ No.
    ☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

    ■ No. Go to Part 10.
    ☐ Yes. Does the debtor serve as plan administrator?

---

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

    ■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
|  |  |  |  |  |

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

    ■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|
|  |  |  |  |

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

    ☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| **Ford City Chicago Property** | **Debtor** | **Miscellaneous used business equipment** | ☐ No<br>■ Yes |

---

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

| Debtor | **Peking Duck USA, Inc.** | Case number *(if known)* **23-05135** |
|---|---|---|

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

---

**Part 12:**   Details About Environment Information

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title
Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

---

**Part 13:**   Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number
Do not include Social Security number or ITIN.

Dates business existed |
|---|---|---|

**26. Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| Name and address | Date of service
From-To |
|---|---|

---

| Debtor | **Peking Duck USA, Inc.** | Case number *(if known)* **23-05135** |
|---|---|---|

| Name and address | Date of service From-To |
|---|---|
| 26a.1. **Qi Wang**<br>**TZG ACCOUNTING LLC**<br>**2167B S CHINA PL**<br>**Chicago, IL 60616** | **2016-2023** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. **Qi Wang**<br>**TZG ACCOUNTING LLC**<br>**2167B S CHINA PL**<br>**Chicago, IL 60616** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Yujia Hu** | **1160 S MICHIGAN AVE#3007**<br>**Chicago, IL 60605** | **President & Secretary** | **100%** |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No
☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

Debtor   **Peking Duck USA, Inc.**                                           Case number *(if known)*  **23-05135**

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **May  3, 2023**

**/s/ Yujia Hu**                                        **Yujia Hu**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor      **President**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re **Peking Duck USA, Inc.**          Case No. **23-05135**

               Debtor(s)       Chapter **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept            $      **18,262.00**

    Prior to the filing of this statement I have received     $      **18,262.00**

    Balance Due                           $      **0.00**

2.  The source of the compensation paid to me was:

    ■ Debtor     ☐ Other (specify):

3.  The source of compensation to be paid to me is:

    ■ Debtor     ☐ Other (specify):

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Representation of the debtors in any adversary proceeding.**

| CERTIFICATION |
|---|
| I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding. |

**May  3, 2023**
_Date_

/s/ Konstantine Sparagis
**Konstantine Sparagis 6256702**
_Signature of Attorney_
**Law Offices Of Konstantine Sparagis**
**900 W. Jackson Blvd.**
**Ste. 4E**
**Chicago, IL 60607**
**312.753.6956  Fax: 866.333.1840**
**gus@atbankruptcy.com**
_Name of law firm_

**LAW OFFICES OF KONSTANTINE SPARAGIS, P.C.**
**900 W. JACKSON BLVD., STE. 4E**
**CHICAGO, IL 60607**
**PH: 312-753-6956**
**FX: 866-333-1840**

<u>RETAINER/HOURLY RATE</u>

Peking Duck USA, Inc. ("Client") desire to retain the **Law Offices of Konstantine Sparagis, P.C.** ("the Attorneys"), as legal representation and intend to create an attorney client relationship for the purpose of representing Client in connection with a bankruptcy under Chapter 11.

We are requesting an initial retainer in the amount of Twenty Thousand **($20,000.00)** Dollars. Of the retainer payment, $1,738.00 will be used for the filing fee. Any retainer paid in advance by you now or in the future shall be considered earned upon deposit with credit given as the work is performed, subject to bankruptcy court approval as necessary. The Attorneys are not bound to take any action and may not take any action including, but not limited to, filing any appearance or papers or making any court appearances, until the initial retainer is paid in full. All filing fees will be paid out of the initial retainer amount. Either party may terminate the attorney-client relationship at any time, except that the Attorneys must do so consistent with the Rules of Professional Responsibility and in the event of pending litigation, pursuant to such court's rules and orders.

The Attorneys will bill all services (whether by members of the firm, associates, or of counsel attorneys) at hourly rates of three hundred ($350.00) dollars for senior attorneys; one hundred ninety-five ($195.00) dollars for associate attorneys; and seventy-five ($75.00) dollars for non-attorneys. We reserve the right to increase the hourly rate for attorney and non-attorney personnel but we will notify you in advance of any increase. We may consult with specialty attorneys and if so they will be billed to you at their normal rate.

All retainers described herein, including all future retainers, are expressly agreed to be "advance payment retainers" as described in *In re: Production Associates, Ltd. 264 B.R. 180 (Bkrtcy. N.D.Ill 2001)* and *Dowling v. Chicago Options Associates, Inc., 2007 WL 128879 (Ill.).* The Attorneys will commingle the retainer and any future retainer immediately upon receipt with their general funds being obligated only to refund an amount equal to the unearned portion thereof, if any, promptly after the termination of the Attorney's services. Ordinarily, Client has the option to request that the retainer be considered a "security retainer" where Client continues to have an interest in the funds, but Client recognizes and agrees that the Attorneys would not undertake the representation on that basis. The Attorneys are obligated by the *Dowling* case to advise Client of the reason they would decline to represent Client on a security retainer basis, and that reason is the Attorneys do not desire even to potentially compete with the creditors of the Client on a security retainer basis.

<u>MONTHLY STATEMENTS/ARREARAGES</u>

All fees are subject to bankruptcy court approval after notice and hearing which you may appear and/or object. You will be invoiced on a monthly basis according to the terms herein, any time spent on your matter will be reflected in your billing. This will include time spent in reviewing any documentation, drafting any correspondence or pleadings, or performing any research to help support any position we will take on your behalf.

It will also include time spent on the telephone with you or with any other persons in connection with the matter you have entrusted to us. The minimum time expenditure billed for any phone call is one tenth of an hour.

Any costs expended on your behalf, such as for filing fees in court, for the services of a private investigator, or other similar costs will be added to your monthly billing to be paid as indicated above. Messenger charges will also be reflected in your bill.

All of the above time entries and costs will be itemized on your billing statement in detail. Please call us if at any time you wish to discuss the billing or have questions or concerns about the method or the amount of billing, or if for any reason you cannot make timely payments. We expect such calls before your invoice is past due.

The Client may object to any charge appearing on any bill rendered by the Attorneys. The Attorneys are always pleased to discuss their charges with the Client, but the Client agrees that any bill not objected to within one month of the date thereof shall constitute an "account stated" and no longer be subject to dispute. The reason for setting this deadline is to keep any objections (and the memories that underlie them for all the Parties) from becoming stale, and to encourage the Client to bring any billing controversies to the Attorneys' attention as soon as possible to foster a speedy resolution thereof. Once a case has been filed any future payments of fees will be subject to the bankruptcy court's approval.

BANKRUPTCY

This fee expressly does <u>not</u> include any obligation on the Attorneys to prosecute or defend any adversary proceedings or appeals ("Additional Services"), which may arise as a result of the Clients' bankruptcy case. Anything herein to the contrary, both the Attorneys and the Client will endeavor to be fair and reasonable with each other in all billing matters.

Section 527 of the Bankruptcy Code requires a debt relief agency to provide an assisted person with the following: A copy of the notice prepared by the clerk of the Bankruptcy Court, in accordance with the requirements of § 342(b), which you have been shown at your initial consultation and which contains a brief description of Chapters 7, 11, 12, and 13 and the general purpose, benefits, and costs of proceeding under each of those chapters; and the types of services available from credit counseling agencies; specifying that a person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury in connection with a case under this title shall be subject to fine, imprisonment, or both; and that all information supplied by a debtor in connection with a case under this title is subject to examination by the Attorney General.

All information that the assisted person is required to provide with a petition and thereafter during a case under this title is required to be complete, accurate, and truthful; all assets and all liabilities are required to be completely and accurately disclosed in the documents filed to commence the case, and the replacement value of each asset as defined in § 506 must be stated in those documents where requested after reasonable inquiry to establish such value; current monthly income, the amounts specified in section 707(b)(2), and, in a case under Chapter 13 of this title, disposable income (determined in accordance with § 707(b)(2)) are required to be stated after reasonable inquiry; and information that an assisted person provides during his or her case may be audited pursuant to this title, and failure to provide such

information may result in dismissal of the case under this title or other sanction, including a criminal sanction.

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. The law requires an attorney or bankruptcy petition preparer to give you a written contract specifying what the attorney or bankruptcy petition preparer will do for you and how much it will cost. Ask to see the contract before you hire anyone. The following information explains what must be done in a routine bankruptcy case to help you evaluate how much service you need. Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and decide which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents must be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you must attend the required first meeting of creditors, where you may be questioned by a court official called a "trustee" and by creditors. If you choose to file a Chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts. If you choose to file a Chapter 13 case, in which you repay your creditors what you can afford over 3 to 5 years, you may also want help preparing your Chapter 13 plan and with the confirmation hearing on your plan, which will be before a bankruptcy judge. If you select another type of relief under the Bankruptcy Code other than Chapter 7 or Chapter 13, you should consult someone familiar with that type of relief. Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only lawyers, not bankruptcy petition preparers, can give you legal advice.

To compile your income refer to recent paystubs accounting for all income. Review your monthly expenditures and make your best estimate on cash expenditures. If you are required to pass a "means test" because of your income, your estimated monthly expenses will be based upon IRS allowances based on the area in which you live. If your expenses exceed the allotted amounts, you may need to make adjustments accordingly. When you value your property, consider the prices for housing in your area, in newspapers for automobiles, and what you would pay for furniture and clothes at stores selling such goods. If you have an item of unique or special value, an appraisal may be necessary. When listing creditors, base their information on current bills. Some of your property is exempt and may be retained according to the exemptions that we have reviewed at your consultation. If a creditor has a lien on exempt property, the lien may be avoidable, or you may have to pay to keep the property.

BINDING EFFECT

By signing below, you indicate that you understand our billing and wish us to undertake your representation on the matters which you have already or will in the future entrust to us. A copy of this agreement should be kept for your records.

CHOICE OF LAW

This Agreement shall be construed according to the laws of the State of Illinois and the Parties agree to submit to the jurisdiction of any state or federal court in Cook County.

Yours truly,

/s/ Konstantine Sparagis
Konstantine Sparagis

Agreed:

Peking Duck USA, Inc.

YUJIA HU, PRESIDENT.

By: _____

Dated: _____4-19-2023_____

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Peking Duck USA, Inc.** _____   Case No.   **23-05135**
_____

Debtor(s)                          Chapter   **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| **Yujia Hu**<br>**75 Wall St., #32G**<br>**New York, NY 10005** | | | **100% Shareholder** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   **May  3, 2023** _____       Signature   **/s/ Yujia Hu** _____
                                                                   **Yujia Hu**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Peking Duck USA, Inc.** _____   Case No.   **23-05135**
                              Debtor(s)                      Chapter    **11**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ **6**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **May  3, 2023** _____        **/s/ Yujia Hu** _____
                                                **Yujia Hu**/**President**
                                                Signer/Title