**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 23-05135 |
| | ) | |
| Peking Duck USA, Inc., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Jacqueline Cox |
| | ) | |

**Order on Objection to Claim (Dkt. 45)**

The Debtor has objected to Proof of Claim Number 5 filed herein by its Landlord, RN 124/125 Company, LLC (the "Landlord"). The Landlord seeks past due rent and other charges. The Debtor's primary argument is that the Landlord has failed to provide it with reconciliation statements due at the end of each year that finalize the amount due for rent, taxes and various other costs.

The Landlord's agent testified that the statements were not submitted to the Debtor at the end of each year but that some information is available relevant to the calculations.

Because this court has ruled that the Debtor's lease was terminated at the expiration of the 5-Day notice, this matter will be resolved by the state court. The Debtor can't assume the lease, obviating all prospects that it can confirm a plan and reorganize.

If reorganization was reasonably in prospect for this Debtor, this court would resolve the objection, and determine what amounts, if any, the Debtor owes its Landlord. A claim or interest, proof of which is filed is deemed allowed. If an objection to claim is made, the court, after notice and a hearing, has to determine the amount of the claim in lawful U.S. currency as of the date of the filing of the petition and allow such claim in that amount. *See* 11 U.S.C. § 502(a), (b).

The Debtor's objection to claim is moot. The hearing on the objection to claim is concluded.

1

Should the Landlord proceed in its effort to evict the Debtor the state court can determine what the Debtor owes its Landlord.

**Date:** December 29, 2023    ENTER: *Jacqueline P. Cox* / J. Cox

Hon. Jacqueline P. Cox
U.S. Bankruptcy Judge